# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **WING ENTERPRISES, INC., dba LITTLE GIANT LADDER SYSTEMS**, a Utah corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>**TRICAM INDUSTRIES, INC.**, a Minnesota corporation,<br><br>  Defendant. | **COMPLAINT**<br><br>Case No. _____<br>  Judge: _____<br><br>**Jury Demanded** |

Plaintiff Wing Enterprises, Inc., by and through counsel alleges and complains against Defendant Tricam Industries, Inc. as follows:

## THE PARTIES

1.    Plaintiff Wing Enterprises, Inc., dba Little Giant Ladder Systems ("Little Giant" or "Plaintiff") is a Utah corporation having a place of business at 1198 N. Spring Creek Place, Springville, Utah 84663.  Plaintiff sells unique, innovative, and patented ladder systems under the brand name Little Giant.

2.    Upon information and belief, Defendant Tricam Industries, Inc., ("Tricam" or "Defendant") is a Minnesota corporation having a place of business at 7677 Equitable Drive, Eden Prairie, MN 55344.  Upon information and belief, Defendant makes, sells and offers for sale ladder systems under the brand name Gorilla Ladders throughout the United States, including this judicial district.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the United States Patent Act, specifically 35 U.S.C. § 271 and for false advertising and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and the Uniform Deceptive Trade Practices Act (Minn. Stat. § 325D.44). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1121. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common nucleus of operative facts alleged in Plaintiffs' federal claims.

4. This Court has personal jurisdiction over Tricam because Tricam is a Minnesota corporation and resides in Minnesota.

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. §§ 1391, 1400.

## GENERAL ALLEGATIONS

### Little Giant's Products and Patented Technology

6. Little Giant is a world-renowned and innovative company dedicated to designing and building the strongest, safest, most versatile ladders in the world. Little Giant's innovations have been recognized by the United States Patent and Trademark Office through the granting of numerous patents to protect Little Giant's inventions.

7.  Little Giant owns a valid and enforceable United States patent, U.S. Patent No. 7,364,017 ("the '017 patent"), entitled "Combination Ladder, Ladder Components And Methods Of Manufacturing Same." The '017 patent issued on April 29, 2008. A copy of the '017 patent is attached as Exhibit A.

8.  The claims of the '017 patent generally relate to a ladder system with a novel hinge and rail assembly.

9.  At all times relevant to this action, Little Giant is and has been making and selling ladder systems that incorporate the patented hinge and rail assembly claimed in the '017 patent.

**Tricam's Infringing Activities**

10. Tricam is a direct competitor of Little Giant in the ladder market and makes and sells ladder systems across the United States.

11. Tricam makes, uses, sells, and offers for sale, under the Gorilla Ladder brand, telescoping and multi-position ladders bearing product model numbers GLA-MPX17 and GLA-MPX22 (hereafter "the Infringing Gorilla Ladders"). *See* Exhibits B and C.

12. The Infringing Gorilla Ladders employ a hinge and rail assembly that satisfies every limitation recited in at least claims 1, 11, 12, and 13 of the '017 patent, and therefore infringes at least those claims of the '017 patent.

3

13. At no time has Little Giant given Tricam permission, license, or authorization to use Little Giant's patented ladder technology, including the inventions claimed in the '017 patent.

14. Given the global fame of Little Giant's innovative ladder systems, on information and belief, it is likely that Tricam had knowledge of Little Giant's patent rights embodied in the '017 patent at the time Tricam began making and selling the Infringing Gorilla Ladders.

15. Despite having knowledge of Little Giant's patent rights, whether through this complaint or otherwise, Tricam will likely continue to willfully and deliberately engage in acts of infringement of the '017 patent unless enjoined by this Court.

16. Little Giant has lost and continues to lose customers, market share, and goodwill as a result of Tricam's infringement.

17. Tricam's continued making, using, importing, selling, offering for sale, and distribution of the Infringing Gorilla Ladders has injured, is injuring, and will continue to cause irreparable injury to Little Giant and Little Giant's valuable patent rights and market.

**Tricam's False Advertising**

18. Tricam markets and sells the Infringing Gorilla Ladders through The Home Depot. *See* Exhibits B and C.

MINNESOTA/9991000.1628/14831371.1

9710256_3.doc

19. In its marketing information, Tricam expressly represents to The Home Depot and to the consuming public that the Infringing Gorilla Ladders are "ANSI[1] certified" and "OSHA compliant." *Id.*

20. On information and belief, ANSI does not provide an independent certification process.

21. The Infringing Gorilla Ladders do not comply with ANSI ASC A14 ladder safety standards.

22. The Infringing Gorilla Ladders do not have a step surface (as defined in the ANSI ASC A14 standards) that complies with section 6.7.5 of the ANSI ASC A14 ladder safety standards.

23. Consequently, Tricam's representation that the Infringing Gorilla Ladders are "ANSI certified" is false.

24. Tricam's misrepresentation concerning the Infringing Gorilla Ladders being ANSI compliant is important and material to the decision to purchase the Infringing Gorilla Ladders made by both The Home Depot and the end consumer, as it relates to the overall safety of the ladder.

25. Tricam's misrepresentation concerning the Infringing Gorilla Ladders being ANSI compliant deceives and misleads consumers and The Home

---

[1] ANSI stands for American National Standards Institute.

Depot into wrongly believing that the Infringing Gorilla Ladders meet the industry's established standards for safety.

26. Tricam caused the "ANSI certified" misrepresentation to be made in connection with marketing the Infringing Gorilla Ladders.

27. As a result of Tricam's misrepresentation, Tricam has been able to market and sell the Infringing Gorilla Ladders through The Home Depot as ANSI certified ladders in competition with Little Giant, thereby harming Little Giant.

28. By not meeting the ANSI standards, but marketing the products as compliant with those standards, Tricam has gained an unfair competitive advantage over Little Giant, who invests its time and resources to ensure compliance with ANSI standards.

## FIRST CAUSE OF ACTION
### (Patent Infringement Under 35 U.S.C. § 271)

29. Little Giant re-alleges and incorporates by this reference the preceding allegations of this Complaint.

30. Tricam's actions as described above, and specifically Tricam's unauthorized manufacture, use, importation, offers to sell, and sales of the Infringing Gorilla Ladders constitutes infringement of the '017 patent under 35 U.S.C. § 271.

31. Tricam's continued actions of making, using, importing, selling, offering for sale, and/or distributing the Infringing Gorilla Ladders has injured, is

injuring, and will cause irreparable injury to Little Giant if not preliminarily and permanently enjoined.

32. Tricam's continued actions of making, using, importing, selling, offering for sale, and/or distributing the Infringing Gorilla Ladders after having knowledge of the '017 patent and Little Giant's allegations of infringement will demonstrate a deliberate and conscious decision to infringe the '017 patent or, at the very least, a reckless disregard of Little Giant's patent rights.

33. Little Giant is entitled to an injunction prohibiting Tricam from further making, using, selling, or offering to sell the Infringing Gorilla Ladders without permission or license from Little Giant under 35 U.S.C. § 283.

34. Little Giant is entitled to recover all damages caused by Tricam's infringement of the '017 patent under 35 U.S.C. § 284.

35. If Tricam has continued to manufacture, use, offer to sell, and/or sell the Infringing Gorilla Ladders following its knowledge of the '017 patent, Little Giant will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## SECOND CAUSE OF ACTION

### (False Advertising Under 15 U.S.C. § 1125(a))

36. Little Giant re-alleges and incorporates by this reference the preceding allegations of this Complaint.

37. Tricam's Infringing Gorilla Ladders travel in interstate commerce.

38. Tricam's false statements about the Infringing Gorilla Ladders being ANSI certified are made in its commercial advertising and marketing materials to promote the Infringing Gorilla Ladders and misrepresent the nature and quality of the Infringing Gorilla Ladders to the consuming public.

39. Tricam's deceptive conduct has caused and will continue to cause immediately and irreparable injury to Little Giant, including lost sales, lost market share, and price erosion, for which there is no adequate remedy at law.

40. Because Tricam's actions, on information and belief, were intentional, willful and/or deliberate, Little Giant is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

42. On information and belief, this is an exceptional case, and thus Little Giant is entitled to an award of attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

43. Little Giant is therefore entitled to a judgment awarding preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs, and all other relief the Court deems justly warranted due to Tricam's deceptive advertising practices.

## THIRD CAUSE OF ACTION

### (Deceptive Trade Practices Under Minn. Stat. § 325D.44)

44. Little Giant re-alleges and incorporates by this reference the preceding allegations of this Complaint.

45. Tricam's false statements about the Infringing Gorilla Ladders being ANSI certified create a likelihood of confusion concerning the safety certification of the Infringing Gorilla Ladders in the minds of the consuming public in violation of the Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44(2), (13).

46. Tricam's false statements about the Infringing Gorilla Ladders being ANSI certified also represent that the Infringing Gorilla Ladders possess characteristics that they do not have and satisfy a particular standard that they do not meet in violation of Minn. Stat. § 325D.44(5), (7).

47. Tricam's deceptive conduct has caused and will continue to cause immediately and irreparable injury to Little Giant, including lost sales, lost market share, and price erosion, for which there is no adequate remedy at law.

48. Little Giant is entitled to a judgment awarding preliminary and permanent injunctive relief, damages, punitive damages, attorneys' fees, costs, and all other relief the Court deems justly warranted due to Tricam's deceptive advertising practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a. the Court preliminarily and permanently enjoin Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active

participation therewith, from making, using, selling, or offering to sell the Infringing Gorilla Ladders and any other ladder products that practice the inventions claimed in the '017 patent;

    b. the Court preliminarily and permanently enjoin Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from falsely representing that the Infringing Gorilla Ladders or any other ladder products comply with the ANSI safety standards;

    c. the Court enter judgment against Defendant for infringement of the '017 patent under 35 U.S.C. § 271;

    d. the Court enter judgment against Defendant for false advertising under 15 U.S.C. § 1125(A);

    e. the Court enter judgment against Defendant for deceptive trade practices under Minn. Stat. § 325D.44;

    f. the Court order that Defendant account to Plaintiff for all sales, revenues, and profits derived from the sale of the Infringing Gorilla Ladders, and that Defendant pays to Plaintiff all compensatory damages to which Plaintiff is entitled by law, including without limitation lost profits, reasonable royalties, price erosion damages, and convoyed sales damages;

MINNESOTA/9991000.1628/14831371.1

9710256_3.doc

g. the Court order that Defendant disgorge to Plaintiff all profits derived from the sale of the Infringing Gorilla Ladders marketed with the false and misleading representations concerning their safety certification and award Plaintiff all consequential damages caused by Defendant's false statements;

h. the Court award Plaintiff three times the damages found in accordance with subparagraphs (e)-(f) above pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(a);

i. the Court award Plaintiff, against Defendant, the costs and reasonable attorneys' fees and expenses incurred in this action pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a), Minn. Stat. § 325D.45, and the equity powers of the Court;

j. the Court award Plaintiff prejudgment interest against Defendant on all sums allowed by law;

k. the Court award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Little Giant demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States Constitution.

DATED this 26th day of May, 2017.

MINNESOTA/9991000.1628/14831371.1

9710256_3.doc

STINSON LEONARD STREET LLP

s/ David D. Axtell (#314596)
david.axtell@stinson.com
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
(612) 335-1500 (telephone)
(612) 335-1657 (fax)

*Attorneys for Plaintiff* Wing Enterprises, Inc.