IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

WING ENTERPRISES, INC., dba
LITTLE GIANT LADDER SYSTEMS,
a Utah corporation,

        Plaintiff,

vs.

TRICAM INDUSTRIES, INC.,
a Minnesota corporation,

        Defendant.

Case No. 0:17-cv-01769-WMW-LIB

## **AMENDED ANSWER AND COUNTERCLAIMS**

Defendant Tricam Industries, Inc. ("Tricam") hereby answers the Complaint filed by Plaintiff Wing Enterprises, Inc., dba Little Giant Ladder Systems ("Wing") as follows:

1. Tricam is presently without sufficient knowledge to admit or deny the allegations set forth in paragraph 1 of the Complaint and, therefore, denies the same.

2. Tricam admits the allegations set forth in paragraph 2 of the Complaint.

3. The allegations set forth in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, Tricam admits that the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code and for false advertising and unfair competition under Title 15 of the United States Code and, that this Court has subject matter jurisdiction over patent infringement and false advertising and unfair competition actions pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1121. Tricam further admits that this Court has supplemental jurisdiction over Wing's state law claims under 28 U.S.C. § 1367(a).

4. Tricam admits the allegations set forth in paragraph 4 of the Complaint.

5. Tricam admits the allegations set forth in paragraph 5 of the Complaint.

6. Tricam is presently without sufficient knowledge to admit or deny the allegations set forth in paragraph 6 of the Complaint and, therefore, denies the same.

7. Tricam admits that U.S. Patent No.; 7,364,017 is entitled "Combination Ladder, Ladder Components and Methods of Manufacturing Same" and that the patent issued on April 29, 2008. Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 7 of the Complaint and, therefore, denies the same.

8. Tricam is without sufficient information to either admit or deny the allegations set forth in Paragraph 8 of the Complaint, and, therefore, denies the same.

9. Tricam is without sufficient information to either admit or deny the allegations set forth in Paragraph 9 of the Complaint, and, therefore, denies the same.

10. Tricam admits the allegations set forth in paragraph 10 of the Complaint.

11. Tricam admits that it manufactures, sells, and offers for sale under the brand Gorilla Ladders aluminum telescoping multi-position ladders with model numbers GLA-MPX17 and GLA-MPX22 ("MPX Ladders"), but denies the remaining allegations set forth in paragraph 11 of the Complaint.

12. Tricam denies the allegations set forth in paragraph 12 of the Complaint.

13. Tricam is without sufficient information to either admit or deny the allegations set forth in Paragraph 13 of the Complaint, and, therefore, denies the same.

14. Tricam denies the allegations set forth in paragraph 14 of the Complaint.

15. Tricam denies the allegations set forth in paragraph 15 of the Complaint.

16. Tricam denies the allegations set forth in paragraph 16 of the Complaint.

17. Tricam denies the allegations set forth in paragraph 17 of the Complaint.

18. Tricam admits that it markets and sells MPX Ladders through The Home Depot, but denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. Tricam denies the allegations set forth in paragraph 19 of the Complaint.

20. Tricam admits the allegations set forth in paragraph 20 of the Complaint.

21. Tricam denies the allegations set forth in paragraph 21 of the Complaint.

22. Tricam denies the allegations set forth in paragraph 22 of the Complaint.

23. Tricam denies the allegations set forth in paragraph 23 of the Complaint.

24. Tricam denies the allegations set forth in paragraph 24 of the Complaint.

25. Tricam denies the allegations set forth in paragraph 25 of the Complaint.

26. Tricam denies the allegations set forth in paragraph 26 of the Complaint.

27. Tricam admits that it markets and sells MPX Ladders through The Home Depot, but denies the remaining allegations set forth in paragraph 27 of the Complaint.

28. Tricam denies the allegations set forth in paragraph 28 of the Complaint.

29. Tricam incorporates its responses in Paragraphs 1 to 28 by reference as if fully set forth herein in response to paragraph 29 of Wing's Complaint.

30. Tricam denies the allegations set forth in paragraph 30 of Wing's Complaint.

31. Tricam denies the allegations set forth in paragraph 31 of Wing's Complaint.

32. Tricam denies the allegations set forth in paragraph 32 of Wing's Complaint.

33. Tricam denies the allegations set forth in paragraph 33 of Wing's Complaint.

34. Tricam denies the allegations set forth in paragraph 34 of Wing's Complaint.

35. Tricam denies the allegations set forth in paragraph 35 of Wing's Complaint.

36. Tricam incorporates its responses in Paragraphs 1 to 35 by reference as if fully set forth herein in response to paragraph 36 of Wing's Complaint.

37. Tricam admits MPX Ladders travel in interstate commerce, but denies the remaining allegations set forth in paragraph 37 of the Complaint.

38. Tricam denies the allegations set forth in paragraph 38 of Wing's Complaint.

39. Tricam denies the allegations set forth in paragraph 39 of Wing's Complaint.

40. Tricam denies the allegations set forth in paragraph 40 of Wing's Complaint.

41. Tricam denies the allegations set forth in paragraph 41 of Wing's Complaint.

42. Tricam denies the allegations set forth in paragraph 42 of Wing's Complaint.

43. Tricam denies the allegations set forth in paragraph 43 of Wing's Complaint.

44. Tricam incorporates its responses in Paragraphs 1 to 43 by reference as if fully set forth herein in response to paragraph 44 of Wing's Complaint.

45. Tricam denies the allegations set forth in paragraph 45 of Wing's Complaint.

46. Tricam denies the allegations set forth in paragraph 46 of Wing's Complaint.

47. Tricam denies the allegations set forth in paragraph 47 of Wing's Complaint.

48. Tricam denies the allegations set forth in paragraph 48 of Wing's Complaint.

## GENERAL DENIAL

Except as admitted herein, Tricam denies all allegations in Wing's Complaint.

## AFFIRMATIVE DEFENSES

Tricam asserts the following affirmative defenses and reserves the right to raise additional defenses. In asserting these defenses, Tricam does not assume the burden of proof for any issue with respect to which Wing bears the burden of proof.

A. Neither Tricam nor Tricam products infringe any valid claim of U.S. Patent No. 7,364,017 ("the '017 Patent").

B.  The '017 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and other applicable statutory provisions.

C.  Wing's damages are barred in whole or in part for failure to give statutory notice under 35 U.S.C. § 287.

D.  Wing's Complaint fails to state a claim upon which relief can be granted.

E.  Tricam's own patent applications or patents of third parties bar in whole or in part Wing's assertion of infringement under the Doctrine of Equivalents.

F.  Wing's claim for relief and prayer for damages are barred, in whole or in part, by the doctrine of prosecution history estoppel.

G.  Wing's claim against Tricam is barred, in whole or in part, by Wing's unclean hands.

H.  Wing's deceptive trade practices claim is groundless and lacks any factual support.

## COUNTERCLAIMS

Counterclaimant Tricam, for its counterclaims against Counterclaim Defendant Wing, hereby alleges as follows:

## THE PARTIES

1.  Tricam is a corporation organized and existing under the laws of the State of Minnesota, having a principal place of business at 7677 Equitable Drive, Eden Prairie, Minnesota 55344.

2.  Upon information and belief, Wing is a corporation organized and existing under the laws of the Utah, having a principal place of business at 1198 N. Spring Creek Place, Springville, Utah 84663.

3.      Wing purports to be the owner of the '017 Patent entitled "Combination Ladder, Ladder Components and Methods of Manufacturing Same," issued on April 29, 2008 by the United States Patent and Trademark Office.

## **GENERAL ALLEGATIONS**

4.      On March 30, 2017 Wing filed suit against Tricam in the United States District Court for the District of Utah, Central Division (the "Utah Suit").

5.      In the Utah Suit, Wing made allegations that Tricam had engaged in false advertising as set forth in Paragraphs 18-28 of its Complaint.

6.      Wing also attached to the Complaint in the Utah Suit, two exhibits of selected pages from the Home Depot web page.  Each of the exhibits contains verbiage that the advertised Tricam product is "ANSI Certified."

7.      Wing asserted in the Utah Suit that "Tricam expressly represents to The Home Depot and to the consuming public that the Infringing Gorilla Ladders are 'ANSI certified.'"

8.      On June 5, 2017, Wing dismissed the Utah Suit.  Wing filed suit against Tricam in this Court on May 26, 2017.

9.      The allegations set forth in Paragraphs 18-28 of Wing's Complaint in the Utah Suit have been asserted verbatim in the Complaint in this suit in Paragraphs 18-28.

10.     The allegation that Tricam "expressly" represented that the Gorilla Ladders are "ANSI certified" was asserted verbatim in the Complaint in this suit in Paragraph 19.

11.     The same exhibits of selected pages from the Home Depot web pages that were used in the Utah Suit were also attached as exhibits to the Complaint in this suit.

12.     In an April 12, 2017 letter, Tricam informed Wing that with respect to the verbiage used on the Home Depot web page, "the wording regarding warranties/certifications is a limitation imposed by Home Depot's database (IDM)."

13.     In the April 12, 2017 letter, Tricam notified Wing that its "Little Giant ladders are also listed on Home Depot's website as 'ANSI certified.'"

14.     In the April 12, 2017 letter, Tricam also identified other websites that advertise Wing's Little Giant ladders as "ANSI certified." Tricam provided to Wing copies of these web pages from the Home Depot, Sears, and K-Mart.

15.     In the April 12, 2017 letter, Tricam also informed Wing that "Tricam does not mark its MPX ladders or related literature or marketing materials as 'ANSI certified.'"

16.     In an April 18, 2017 letter, Wing acknowledged that "Tricam may not use the exact words 'ANSI Certified" in its literature.

17.     Despite the acknowledgment in its April 18, 2017 letter, Wing still later asserted in the Complaint in this matter that "Tricam expressly represents to The Home Depot and to the consuming public that the Infringing Gorilla Ladders are 'ANSI certified.'"

18.     Wing has identified no facts to support its assertion that "Tricam expressly represents to The Home Depot and to the consuming public that the Infringing Gorilla Ladders are 'ANSI certified.'"

19.     In an April 21, 2017 letter, Tricam provided Wing with a photograph of the Tricam MPX ladders, which "shows that the rungs of the MPX ladders have a step surface of not less than 1 inch." Tricam also asserted that, as a result, the MPX ladders complied with applicable ANSI standards.

20. Despite receiving the photograph with the April 21, 2017 letter, Wing reasserted in its Complaint in this matter that Tricam's representations that its ladders are "ANSI compliant deceives and misleads consumers and The Home Depot" and that the representation that these ladders are "ANSI certified" are false.

21. ANSI ASC A14 section 6.7.5 recites that if steps are used on a ladder, "the minimum width of a step shall be three inches."

22. ANSI ASC A14 section 6.7.5 recites that ladders using "trapezoidal, D-Shaped or equivalent, square, or rectangular rungs shall have a step surface of not less than 1 inch, either flat or along a segment of arc 3 inches or greater radius."

23. ANSI ASC A14 defines a step surface as "the clear portion of steps, rungs, or cleats on which a person may step while ascending or descending ladder."

24. The accused Tricam ladders use rungs that have a step surface of not less than 1 inch over a length of more than 3 inches.

25. The step surface of the accused Tricam ladders have a step surface of not less than 1 inch over at least an 8 inch portion of the width of the rung.

26. Wing has identified no consumer who has been deceived or misled by any of Tricam's representations.

27. Wing has conducted no survey to determine whether any consumers have been deceived or misled by any of Tricam's representations.

28. Wing has identified no facts to support its allegation that ANSI compliance is important to The Home Depot in its decision to purchase the accused Tricam ladders.

29. Wing has identified no facts to support its allegation that ANSI compliance is important to end consumers in their decision to purchase the accused Tricam ladders.

30. Wing has identified no facts to supports its allegation that Tricam's representations are false, deceiving or misleading.

31. Wing has identified no facts to support its allegation that accused Tricam ladders "do not have a step surface…that complies with section 6.7.5 of the ANSI ASC A14 ladder safety standards."

## JURISDICTION AND VENUE

32. Counterclaims against Wing that arise out of or are related to the '017 Patent are authorized by Fed. R. Civ. P. 13 and arise under the patent laws of the United States, Title 35 of the United States Code.

33. This court has jurisdiction over this counterclaim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 *et seq.*, in that Wing has accused Tricam of infringing the '017 Patent, Tricam asserts that the '017Patent is invalid or unenforceable, and there is an actual controversy between Tricam and Wing as to the enforceability and validity of the '017 Patent.

34. This court has subject matter jurisdiction over Tricam's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

35. Tricam incorporates by reference all of the foregoing allegations and averments of its Answer to Wing's Complaint and Tricam's defenses and affirmative defenses.

36. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 7,364,017

37. Tricam realleges and incorporates by reference Paragraphs 1 through 36 above as though fully set forth herein.

38. There is an actual and justiciable controversy between Tricam and Wing about whether Tricam is liable for infringement of the '017 Patent.

39. Tricam has not engaged in and is not engaging in activities that constitute infringement, whether direct, contributory, or by inducement, of any valid claim of the '017 Patent.

40. Tricam is entitled to a declaration that it does not infringe any valid and enforceable claim of the '017.

## COUNT II – DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 7,364,017

41. Tricam realleges and incorporates by reference Paragraphs 1 through 40 above as though fully set forth herein.

42. There is an actual and justiciable controversy between Tricam and Wing about the validity of the '017 Patent.

43. The '017 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

44. Tricam is entitled to a declaration that the claims of the '017 Patent are invalid.

## JURY DEMAND

Tricam requests a trial by jury on all issues that may be so tried under United States law.

## PRAYER FOR RELIEF

Tricam respectfully requests that the court enter judgment against Wing, including:

A. Dismissing with prejudice Wing's Complaint in its entirety.

B. An order declaring that Tricam, its customers, and all end-users of Tricam's products have not infringed and are not infringing United States Patent No. 7,364,017.

C.	An order declaring that each claim of United States Patent No. 7,364,017 is invalid.

D.	A declaration that the case is "exceptional" within the meaning of 35 U.S.C. § 285.

E.	An award of Tricam's attorneys fees and costs incurred in connection with this action; and

F.	An award of Tricam's attorneys fees and costs pursuant to Minn. Stat. § 325D.45, subd. 2(1) incurred in connection with defense of Wing's Deceptive Trade Practices cause of action based on Minn. Stat. § 325D.44.

G.	Such other and further relief that this court deems proper and just.

Dated:  June 30, 2017	By:  s/Eric H. Chadwick
	Eric H. Chadwick, Esq. (#248,769)
	Thomas G. Dickson, Esq. (#245,410)
	Tye Biasco, Esq. (#325,600)
	Patterson Thuente Pedersen, P.A.
	4800 IDS Centre
	80 South 8th Street
	Minneapolis, MN  55402-2100
	Telephone:  (612) 349-5740
	Facsimile:  (612) 349-9266
	Email:  chadwick@ptslaw.com
	Email:  dickson@ptslaw.com
	Email:  biasco@ptslaw.com

	**ATTORNEYS FOR DEFENDANT TRICAM INDUSTRIES, INC.**

2182882