**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| WING ENTERPRISES, INC. dba LITTLE GIANT LADDER SYSTEMS, a Utah corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRICAM INDUSTRIES, INC. a Minnesota corporation,<br><br>　　　　Defendant. | Case No. 0:17-cv-01769-WMW-LIB<br><br><br>**PLAINTIFF'S STATEMENT OF THE CASE** |

　　　　Pursuant to the Court's June 28, 2017 Pretrial Notice and Order (Doc. No. 12), Plaintiff Wing Enterprises, Inc. d/b/a Little Giant Ladder Systems ("Little Giant" or "Plaintiff") respectfully submits the following statement of the case. The following concise statement of the case is not intended to be limiting or exhaustive, and Little Giant hereby preserves all claims and requested relief set forth in its Complaint.

　　　　**A.　　PLAINTIFF'S VERSION OF THE FACTS OF THE CASE**

　　　　　　**1.　　Patent Infringement**

　　　　Plaintiff Little Giant owns a valid and enforceable United States patent, U.S. Patent No. 7,364,017 ("the '017 patent"), entitled "Combination Ladder, Ladder Components And Methods Of Manufacturing Same." The '017 patent claimed a novel and inventive hinge and rail assembly for a ladder. For years, Little Giant has marked several models of its ladders with the '017 patent number to provide the statutory notice required to recover damages for infringement. In early 2017, Defendant began marketing and selling its new MPX ladders, including the GLA-MPX17 and/or GLA-MPX22 model Gorilla Ladders ("Infringing Gorilla Ladders"), which incorporate the same hinge and rail assembly covered by Little Giant's '017 patent. Little Giant

believes Defendant copied the patented assembly from Little Giant's products. Because Infringing Gorilla Ladders satisfy every limitation recited in at least claim 1 of the '017 patent, Defendant is liable for infringing the '017 patent, and Little Giant is entitled to damages for the infringement and injunctive relief to prevent future infringement.

### 2. False Advertising

Defendant represents to its distributors, such as The Home Depot, as well as the consuming public that the Infringing Gorilla Ladders comply with the requirements established by the American National Standards Institute (ANSI) for ladders, which are set forth under ANSI-ASC A14 (hereafter the "ANSI standards"). The ANSI standards provide strict design requirements for the rungs of a ladder to ensure a safe step surface for users while ascending or descending the ladder. Compliance with the ANSI standards is naturally an important consideration for consumers who use ladders and is absolutely critical to distributors such as The Home Depot, who want to advertise the ladders they sell as safe and complaint with industry standards. Defendant knows that if it's ladders did not comply with all applicable ANSI standards, The Home Depot would not likely carry the product in its stores and consumers would be less inclined to buy the product.

In its product labels for the Infringing Gorilla Ladders and elsewhere in its marketing efforts, Defendant certifies that the Infringing Gorilla Ladders comply with all of the applicable ASNI standards. However, the rungs of the Infringing Gorilla Ladders do not comply with certain design requirements mandated by the ANSI standards. This is evident based on the plain language of the ANSI standards as compared to the rungs of the Infringing Gorilla Ladders and is confirmed through independent laboratory testing results. Defendant's representations of compliance with the ANSI standards is therefore false and misleading. Defendant's false representations mislead consumers and distributors such as The Home Depot into mistakenly

believing that the Infringing Gorilla Ladders comply with all applicable industry standards when that is not the case.

The rungs the Defendant employs in the Infringing Gorilla Ladders make the ladders less expensive to manufacture. It is more expensive to manufacture rungs that comply with the ANSI standard. Accordingly, Defendant is saving on its manufacturing costs by using inferior, less safe rungs while at the same time reaping the benefits of touting its ladders as compliant with the ANSI standards. These actions harm and deceive the consuming public and provide Defendant with an unfair competitive advantage over others in the industry, like Little Giant, that spend more on manufacturing costs to ensure safety and compliance with the ANSI standards.

### B.   LISTING OF PARTICULARIZED FACTS WHICH SUPPORT THE CLAIMED LIABILITY

#### 1.   **Patent Infringement**

Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." The following facts support Little Giant's claim that Defendant infringes the '017 patent.

- The '017 patent was issued on April 29, 2008.

- Plaintiff is the assignee and owner of the '017 patent.

- The '017 patent is presumed valid and is in fact a valid and enforceable patent.

- The Infringing Gorilla Ladders embody every limitation recited in at least claim 1 of the '017 patent.

- Defendant has imported, sold and offered for sale the Infringing Gorilla Ladders in the United States without permission or consent from Little Giant.

### 2.   False Advertising / Deceptive Trade Practices

Under 15 U.S.C. § 1125(a), "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any … false or misleading description of fact, or false or misleading representation of fact, which … in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Under Minn. Stat. § 325D.44, "A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person … represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have…[or] represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another[.]"

The following facts support Little Giant's claim that Defendant has violated and continues to be in violation of 15 U.S.C. § 1125(a) and Minn. Stat. § 325D.44.

- Defendant expressly certifies that the Infringing Gorilla Ladders comply with all applicable requirements under ANSI A 14.2.
- The rungs of the Infringing Gorilla Ladders do not comply with section 6.7.5 of ANSI A 14.2.

### C.   ITEMIZATION AND EXPLANATION OF CLAIMED DAMAGES

### 1.   Patent Infringement

Pursuant to 35 U.S.C. § 284, Little Giant seeks damages for Defendants infringement of the '017 patent in the amount of the lost profits caused by Defendant's infringement, but in no event less than a reasonable royalty for the use of Little Giant's patented technology based on the gross sales revenues of the Infringing Gorilla Ladders.

Based on the willful nature of Defendant's infringement, Little Giant also seeks to recover the attorneys' fees incurred in prosecuting this action and enhanced damaged under 35 U.S.C. §§ 284-285.

Because Little Giant's damages are premised on the sales of the Infringing Gorilla Ladders, Little Giant cannot provide any detail or calculations without discovery of Defendant's sales information.

### 1. False Advertising / Deceptive Trade Practices

Pursuant to 15 U.S.C. § 1117 and Minn. Stat. § 325D.45, Little Giant seeks damages for Defendant's false advertising and deceptive trade practices in the form of (a) disgorging Defendant's profits from sales of the Infringing Gorilla Ladders and (b) damages sustained by Little Giant due to the false advertising.

Based on the willful nature of Defendant's conduct, Little Giant also seeks to recover the attorneys' fees incurred in prosecuting this action.

Because Little Giant's damages are premised on the sales of the Infringing Gorilla Ladders, Little Giant cannot provide any detail or calculations without discovery of Defendant's sales information.

DATE: August 17, 2017    */s/ Mark A. Miller*
Mark A. Miller (*pro hac vice*)
mmiller@hollandhart.com
Dawn M. David (*pro hac vice*)
dmdavid@hollandhart.com
HOLLAND & HART LLP
222 South Main, Suite 2200
Salt Lake City, UT  84101
Telephone: (801) 799-5800

David D. Axtell (#314596)
david.axtell@stinson.com
STINSON LEONARD STREET
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500 (telephone)
*Attorneys for Plaintiff Wing Enterprises*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications of such filing to all counsel of record.

*/s/ Barbara Thurgood*
Barbara Thurgood