UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WING ENTERPRISES, INC. dba LITTLE GIANT LADDER SYSTEMS, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRICAM INDUSTRIES, INC. a Minnesota corporation,<br><br>Defendant. | Case No. 0:17-cv-01769-WMW-LIB |

### DEFENDANT TRICAM'S STATEMENT OF THE CASE

Tricam's Statement of the Case is hereby submitted in accordance with the Court's Pretrial Notice and Order dated June 28, 2017. It contains: (I) a statement of Tricam's version of the facts of the case, which incorporates a listing of particularized facts supporting its claims and defenses and includes applicable statutes; and (II) an itemization and explanation of claimed damages.

**I.      Concise Statement of Tricam's Version of the Facts and Summary of Facts which Support Its Claims and Defenses.**

Tricam is a company headquartered in Eden Prairie, Minnesota that designs and sells Gorilla Ladders brand multi-position ladders, including its GLA-MPX 17, shown below, and GLA-MPX22 models.



Tricam sells its ladders directly to end-users and through The Home Depot.

### A. Tricam's ladders do not infringe any valid claim of U.S. Pat. No. 7,364,017.

Wing asserts that Tricam's GLA-MPX 17 and GLA-MPX 22 ladders infringe U.S. the '017 patent and identifies independent claim 1 and dependent claims 11, 12, and 13 in particular, all of which are directed to a ladder and hinge assembly.

Tricam believes it does not infringe any valid claim of the '017 patent at least because the accused ladders lack "an abutment shoulder…wherein the abutment shoulder abuts a peripheral edge of one plate segment of the pair of plate segments in a substantially conformal manner," as required by claim 1 and thus the remaining dependent claims. Tricam's ladders have a gap between the structures that Little Giant

argues meet this limitation.  These structures do not abut, let alone do so in a "substantially conformal manner."  Tricam has also recently redesigned its ladders to expand the gap.

Tricam also believes there are no pre-suit damages.  Tricam believes that, prior to initiating suit, Wing did not mark its own products consistent with the provisions of 35 U.S.C § 287.  Likewise, Wing never notified Tricam of its infringement contentions prior to suit.   Tricam also denies that Wing is entitled to any damages or injunctive relief.  It likewise denies that it copied Wing or that its actions constitute intentional, willful or deliberate infringement.

### B. Wing's false advertising and deceptive trade practice assertions are baseless.

Wing accuses Tricam of false advertising under 15 U.S.C. § 1125(a) and deceptive trade practices under Minn. Stat. 325D.44.  Specifically, Little Giant asserts that, despite Tricam's representations to end-users and The Home Depot, the accused ladders do not comply with section 6.7.5. of the ANSI ASC A14.2 standards.

Tricam believes it does comply with all applicable ANSI standards.  Upon information and belief, ANSI, the American National Standards Institute, is an independent organization that oversees the creation of standards for various sectors, including ladder safety, but does not evaluate whether products comply with the standards it adopts.  To ensure compliance with ANSI standards Tricam has independent third-parties evaluate its products. Tricam has internal experts that evaluate its products

for compliance as well.  Both Tricam and the independent third-parties have concluded that the MPX ladders comply with all applicable ANSI standards.

Furthermore, Tricam believes that the industry interprets section 6.7.5 in the same manner as does Tricam.  At least two other major multi-position ladder manufacturers, Werner and Louisville Ladder, have a construction similar to Tricam's.  Both of these manufacturers assert that their products are ANSI compliant.  Tricam also believes that Wing is aware of the industry's understanding and that its claims are thus baseless.  Tricam also denies that Wing is entitled to any damages or injunctive relief.  It likewise denies that its conduct is intentional, willful or deliberate.

**II.    Itemization and Explanation of Claimed Damages**

Tricam does not assert an affirmative claim for which damages can be obtained.

Dated:  August 17, 2017                    By:  s/ Eric H. Chadwick

Eric H. Chadwick, Esq. (#248,769)
Tye Biasco, Esq. (#325,600)
Adam E. Szymanski (#397,704)
Patterson Thuente Pedersen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2100
Telephone:  (612) 349-5740
Facsimile:  (612) 349-9266
Email:  chadwick@ptslaw.com
Email:  biasco@ptslaw.com
Email:  szymanski@ptslaw.com

**ATTORNEYS FOR DEFENDANT
TRICAM INDUSTRIES, INC.**