# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WING ENTERPRISES, INC. dba LITTLE GIANT LADDER SYSTEMS, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRICAM INDUSTRIES, INC. a Minnesota corporation,<br><br>Defendant. | Case No. 0:17-cv-01769-WMW-LIB<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND PRIOR ART STATEMENT** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND DEFENDANT'S PRIOR ART STATEMENT**

Defendant Tricam Industries, Inc. ("Defendant") seeks leave to amend its Prior Art Statement. Defendant produced its Prior Art Statement on February 9, 2018, pursuant to the deadline set forth in the scheduling order (Dkt. No. 23 at 10-11.) Defendant subsequently identified one additional piece of prior art among thousands of references dating back over 100 years. Defendant promptly notified Plaintiff, produced the prior art and its translation to Plaintiff, revised its Prior Art Statement, and filed this motion. As set forth below, Defendant has established good cause to amend its Prior Art Statement.

## BACKGROUND

Defendant has been reviewing prior art references since this litigation began less ten months ago. (Declaration of Sarah M. Stensland ("Stensland Decl.") ¶ 2.) The

asserted patent relates to ladders, which is not a recently developed technology.  The scope of relevant prior art is significant, including thousands of references dating back more than 100 years, many of which are written in foreign languages and require translations.[1]  (Stensland Decl. ¶ 3.)

The alleged invention claimed in the asserted patent relates to a particular ladder and hinge configuration described in a complex claim that runs over 40 lines and includes multiple limitations.  (Dkt. No. 1-1, p. 26.)  Thus, Defendant was tasked with finding prior art disclosing all the claimed limitations within a pool of thousands of references – essentially, Defendant was searching for a needle in a haystack.  To make matters more complicated, narrow key word searches were of limited effectiveness because the prior art patents do not use consistent terms to describe their ladder and hinge configurations.  (Stensland Decl. ¶ 4.)  One of the strategies that Defendant employed to identify prior art was to use broad key word searches (for example, searching for the terms "ladder" and "hinge").  (Stensland Decl. ¶ 5.)  Another strategy was examining patents within the same Patent Office classification as the asserted patent, which includes more than 9,000 patents.  (Stensland Decl. ¶ 6.)  In all, Defendant reviewed thousands of prior art patents relating to ladder and hinge configurations.  (Stensland Decl. ¶ 7.)  Defendant ultimately disclosed two of those prior art patents in Defendants Prior Art Statement and provided a detailed explanation of its invalidity allegations with respect to those patents, as required by the Scheduling Order, on February 9, 2018.  (Stensland Decl. ¶17, Ex. 4.)

---

[1] The asserted patent cites prior art dating to 1891.  (Dkt. No. 1-1, p. 1.)

In light of the significant volume of relevant prior art, Defendant continued searching for and analyzing references after the deadline for serving the Prior Art Statement. (Stensland Decl. ¶ 9.) During this time, Defendant identified French Patent No. 986,522 ("the French Patent"), published in 1951, as disclosing the invention claimed in the asserted patent. (Stensland Decl. ¶¶ 10-13, Exs. 1-2.) Defendant first found the French Patent on the night of February 8, 2018. (Stensland Decl. ¶ 10.) Defendant identified the French Patent by manually examining the figures of patents within the same Patent Office classification as the asserted patent (E06C 1/00), which includes more than 9,000 patents. (*Id.*) Based solely on the figures, Defendant suspected that the French Patent could be potentially relevant prior art. (*Id.*) The French Patent was one of many potentially relevant references that Defendant found at that time. (*Id.*) Defendant did not understand the scope of the disclosure of the French Patent because it is written in French and required translation. (*Id.*) As such, Defendant was unable to include it in its Prior Art Statement.

Defendant ordered a translation of the French Patent on February 21, 2018 and received the translation on February 26, 2018. (Stensland Decl. at ¶ 11.) Based on an analysis of this translation, Defendant concluded that the French Patent was invalidating prior art and sought to add it to Defendant's Prior Art Statement. (*Id.*) Defendant notified Plaintiff of the new prior art on March 5, 2018, one week after receiving the translation and a little more than three weeks after producing its Prior Art Statement. (Stensland Decl. ¶¶ 11, 14, Ex. 3.) Defendant produced the prior art and its translation to

Plaintiff the same day.  (Stensland Decl. ¶¶ 11, 14, Ex. 3.)  Defendant seeks leave to amend its Prior Art Statement to add the French patent.

## LEGAL STANDARD

The Scheduling Order permits a party to amend its Prior Art Statement by leave of the Court for good cause shown.  (Dkt. No. 23 at 10-11.)  To obtain leave to amend a prior art statement, a party must show: (1) the additional references were not and could not reasonably have been identified earlier; (2) the additional references are not cumulative of other references in the existing prior art statement; and (3) the balance of prejudice favors the moving party.  *Gen. Mills Mktg., Inc. v. Fritsch GmbH*, CV 11-2099 (PJS/JJG), 2014 WL 12599632, at *1 (D. Minn. Jan. 27, 2014).  The first element relates to a party's diligence.  *Id.*  "A party's diligence in amending its claim charts is central to a finding of good cause."  *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, CV-09-319ADM/SRN, 2010 WL 1839321, at *1 (D. Minn. May 5, 2010).  The diligence inquiry has two sub-parts: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered.  *Solutran, Inc. v. U.S. Bancorp*, 13-CV-2637 (SRN/BRT), 2016 WL 7377099, at *3 (D. Minn. Dec. 20, 2016).

## ARGUMENT

### A.   Defendant Has Been Diligent

Defendant acted with diligence in identifying prior art.   Defendant began reviewing prior art shortly after this action commenced.  (Stensland Decl. ¶ 2.) Defendant used its best efforts to identify invalidating prior art among thousands of

relevant references. In all, Defendant have reviewed thousands of prior art patents relating to ladder and hinge configurations. (Stensland Decl. ¶ 7.) Defendant could not have identified the French Patent earlier. The French Patent was not located using a key word search; rather, it was identified by individually reviewing thousands of patents in the same class as the asserted patent. (Stensland Decl. ¶¶10-11.) The French Patent also required translation before a thorough analysis could be done. (Stensland Decl. ¶¶ 10-11.) These facts demonstrate that Defendant acted with diligence in identifying prior art. *Compare Polaris Indus., Inc. v. CFMOTO Powersports, Inc.*, No. CV 10-4362 (JNE/JJG), 2012 WL 13028103, at *3 (D. Minn. Feb. 29, 2012) (finding diligence where search began immediately after commencement of lawsuit) *with Solutran, Inc. v. U.S. Bancorp*, 13-CV-2637 (SRN/BRT), 2016 WL 7377099, at *3 (D. Minn. Dec. 20, 2016) (finding no diligence where the defendants waited more than a year to make some effort toward discovery of prior art.)

Defendant also acted with diligence in seeking to amend its Prior Art Statement. A little more than three weeks after the service of Defendant's Prior Art Statement, Defendant notified Plaintiff of the additional prior art. (Stensland Decl. ¶¶ 11, 14, Ex. 3.) This Court has found diligence when less than a month passed after the original deadline to serve the prior art statement, even after the parties had exchanged claim construction terms. *Gen. Mills Mktg., Inc.*, 2014 WL 12599632, at *2 ("The Court would be hard-pressed to justify denying a request to amend made so soon after the original deadline.")

### B. The Additional Reference Is Not Cumulative

The French Patent is not cumulative of the other four references in Defendant's Prior Art Statement. The French Patent discloses a different ladder and hinge configuration than those of the patents in Defendant's Prior Art Statement. (Stensland Decl. ¶ 15.) The French Patent was filed by different inventors and entities. (Stensland Decl. ¶ 16.) And, the French Patent forms the basis for a standalone invalidity defense. (Stensland Decl. ¶¶ 18-19, Exs. 5-6.) As such, this reference is not merely cumulative. *See Gen. Mills Mktg., Inc.*, 2014 WL 12599632, at *2 ("The Court is persuaded that the new references are related to different products and technologies and that each one adds something unique to the prior art statement.")

      C.      **The Balance of Prejudice Favors Defendant**

Plaintiff will not be prejudiced by Defendant's amended Prior Art Statement. This case was filed less than a year ago and is still in a relatively early stage. Written fact discovery is underway, but fact depositions relating to the asserted patent have not been taken. The claim construction process has not commenced; the parties have not yet even exchanged claim terms. (Dkt. No. 23 at 7.) Moreover, Plaintiff sought to extend the claim construction deadlines. (Stensland Decl. ¶ 20, Ex. 7.) The trial-ready date, April 10, 2019, is more than a year away. (Dkt. No. 23 at 14.) Expert reports are not due for months. (*Id.* at 12.) Further, Defendant brings this motion before Plaintiff's deadline to respond to Defendant's Prior Art Statement, and Defendant concedes that Plaintiff should be given an extension of time to do so. Thus, the prejudice to Plaintiff is minimal. *Gen. Mills Mktg., Inc.*, 2014 WL 12599632, at *2 (finding minimal prejudice to the plaintiff where ample time remaining under the pretrial schedule to allow the plaintiffs to amend

their prior art statement.)  Unlike Plaintiff, Defendant will be prejudiced because it will not be permitted to rely on the French Patent as a basis for invalidity.  *Id.* (finding "significant prejudice if [the defendants] were precluded from using relevant prior art to prove invalidity.")  Therefore, the balance of prejudice favors Defendant.  *Id.*

## CONCLUSION

For the reasons set forth herein, Defendant should be granted leave to amend its Prior Art Statement.

DATE: March 14, 2018     */s/ Sarah M. Stensland*

Eric H. Chadwick, Esq. (#248,769)
Tye Biasco, Esq. (#325,600)
Sarah Stensland, Esq. (#387,051)
Adam E. Szymanski, Esq. (#397,704)
Patterson Thuente Pedersen, P.A.
4800 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2100
Telephone:  (612) 349-5740
Facsimile:  (612) 349-9266
Email:  chadwick@ptslaw.com
Email:  biasco@ptslaw.com
Email:  stensland@ptslaw.com
Email:  szymanski@ptslaw.com

*Attorneys for Defendant Tricam Industries*