# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Wing Enterprises, Inc. d/b/a<br>Little Giant Ladder Systems, | Case No. 17-cv-1769 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Tricam Industries, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant Tricam Industries, Inc.'s ("Tricam" or "Defendant") Motion for Expert Fees (Dkt. No. 144) ("Motion"). Tricam contends that Wing Enterprises ("Wing" or "Plaintiff") should pay for the travel costs (travel time and expenses totaling just over $4,500) for the deposition of Tricam's expert, Jack Krafchick, P.E., which took place on October 23, 2018 in Minneapolis, Minnesota. Wing contends that Tricam chose the location of Mr. Krafchick's deposition and therefore Tricam should bear the costs for his travel from Pennsylvania to Minnesota. Wing also contends that Mr. Krafchick overbilled for his deposition time because he included preparation time and breaks. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

Tricam served Mr. Krafchick's expert report on Wing on September 19, 2018. (Dkt. No. 147 ¶ 6.) The following day, Tricam's counsel's staff contacted Wing's counsel to provide the availability of Tricam's experts for depositions. (Dkt. No. 147-5,

Ex. 5 at 2.) On September 21, 2018, Wing's counsel asked in response "Can you provide locations for your experts as well as dates? Will they all be in Minneapolis?" (*Id.* at 1.) Tricam's counsel's staff responded that, of the three experts, one deposition would be in Minneapolis, another would be in Florida, and as to Mr. Krafchick, he "may be out east but it's looking like it will be Minneapolis. I haven't solidified that yet." (*Id.*) Mr. Krafchick is located near Philadelphia, Pennsylvania. (Dkt. No. 147-1, Ex. 1.) Tricam's counsel's staff followed up the same day, stating Mr. Krafchick "is available in Minneapolis on Tuesday, October 23 through Thursday, October 25." (Dkt. No. 147, Ex. 5 at 1.) On September 26, 2018, Wing noticed Mr. Krafchick's deposition for October 23, 2018 at Tricam's counsel's offices in Minneapolis, Minnesota. (Dkt. No. 147-2, Ex. 2 at 1.)

On September 27, 2018, Tricam's counsel notified Wing's counsel that it would not be deposing Wing's experts and that "[p]ursuant to FRCP 26(b)(4)(E), Wing must pay Tricam's experts for their depositions and preparation time. . . . If we do not hear from you, we will assume that Wing agrees and will instruct Tricam's experts to send their invoices relating to their depositions directly to you for payment." (Dkt. No. 147-6, Ex. 6 at 2.) Wing's counsel responded that he "[u]nderstood" and "plan[s] to move forward as set forth in [the] deposition notices and [] will agree to pay for their deposition time as well as a reasonable amount of preparation time." (*Id.* at 1.) Wing's counsel noted that "preparation time is viewed as reasonable or unreasonable in view of the complexity of the case and the length of the deposition." (*Id.*)

Mr. Krafchick's deposition took place as scheduled on October 23, 2018 in Minneapolis, Minnesota and commenced at 9:01 a.m. and concluded at 5:37 p.m. (Dkt. No. 147-3, Ex. 3 at 3, 5.) According to Wing, "[e]xcluding recesses, a lunch break, and Tricam's redirect examination of Mr. Krafchick, Wing deposed Mr. Krafchick for less than seven hours."[1] (Dkt. No. 154 at 4.) After the deposition, Mr. Krafchick sent an invoice to Tricam's counsel for $9,951.00, the total of $2,518.75 in preparation time, $3,412.50 in travel time, and $2,925 in deposition time, and $1,094.75 in expenses related to travel. (Dkt. No. 147-1, Ex. 1.) Mr. Krafchick's time was itemized as shown in the following chart:

| **DATE** | **ACTIVITY** | **TIME** | **AMOUNT** |
| --- | --- | --- | --- |
| Oct 20 - 21, 2018 | Review file in advance of travel. | 2.25 | $731.25 |
| Oct 22, 2018 | Travel to Minneapolis. | 5.00 | $1,625.00 |
| Oct 22, 2018 | Meeting to prepare for [deposition] and additional file review. | 5.50 | $1,787.50 |
| Oct 23, 2018 | Deposition as requested by Att'y Hales. | 9.00 | $2,925.00 |
| Oct 23, 2018 | Return travel to Philadelphia. | 5.50 | $1,787.50 |

(*Id.*)

Tricam's counsel's staff sent Mr. Krafchick's invoice to Wing's counsel. (Dkt. No. 147-4, Ex. 4 at 5.) Wing's counsel responded that it would ask Wing to pay $5,443.75, representing "the time [Mr. Krafchick] recorded for the deposition and

---

[1] Based on Wing's representations, Wing deposed Mr. Krafchick for a total of 6 hours and 57 minutes. (*See* Dkt. No. 154 at 13 (noting a "a 1:01 lunch break, more than 25 minutes of courtesy recesses" and 13 minutes of redirect testimony).)

preparation time." (*Id.* at 4.) He noted that "[a]lthough [Wing] take[s] issue with the amount of preparation time [Mr. Krafchick] recorded, [Wing] will not push back on that." (*Id.*) Wing's counsel instructed Wing to pay $5,443.75 to Mr. Krafchick (*id.*), which Wing has since paid. (Dkt. No. 155-1, Ex. 6). The parties then went back and forth about the remaining $4,506.25 in travel time and expenses, eventually reaching a stalemate in which Tricam demanded Wing pay an additional $2000, while Wing was only willing to pay an additional $1500. (*Id.* at 1-4.)

Tricam filed the present Motion on December 3, 2018, requesting that Wing be ordered to pay the full $9,951.00 for Mr. Krafchick's deposition. (Dkt. No. 144.) In support of the Motion, Mr. Krafchick filed a declaration stating (1) that he flew from the Philadelphia International Airport to the Minneapolis-St. Paul Airport and back on coach tickets, (2) that he prepared for the deposition during his travel to the Minneapolis-St. Paul Airport, and (3) that he arrived for the deposition at approximately 8:30 the morning of the deposition "and conferred with counsel." (Dkt. No. 148.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(4)(E) states that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)," which refers to deposition of "an expert whose opinions may be presented at trial." Courts often "'permit[] recovery of fees for an expert's preparation time and travel time in connection with his deposition.'" *Fee v. Great Bear Lodge of Wisconsin Dells, LLC*, No. 03-cv-3502 PAM/RLE, 2005 WL 1323162, at *3 (D. Minn. Mar. 3, 2005) (quoting *Emmenegger v.*

4

*Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1136 (E.D. Mo. 1998) (citing cases) and citing *Hose v. Chicago & North Western Transp. Co.*, 154 F.R.D. 222, 228 (S.D. Iowa 1994); *Hurst v. United States*, 123 F.R.D. 319 (D.S.D. 1988)). "That is to say . . . travel time [is] time spent 'responding' to discovery." *Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02 CV 1731 LMB, 2003 WL 26098543, at *16 (E.D. Mo. Nov. 25, 2003) (quoting *Emmenegger*, 33 F. Supp. 2d at 1136). "In this manner, expenses incurred during travel are compensable under Rule 26(b)(4)(C) so long as they are reasonable." *Id.* Courts have the discretion to determine what costs are reasonable. *Id.*

Courts consider several non-exclusive factors in determining whether a fee is reasonable under the rule, including:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters.

*Smith v. Bradley Pizza, Inc.*, 0:17-CV-2032-ECT-KMM, 2018 WL 5920626, at *6 (D. Minn. Nov. 13, 2018) (citations omitted). "'The party seeking to be reimbursed bears the burden to of demonstrating that the fee is reasonable.'" *Id.* (quoting *Broushet v. Target Corp.*, 274 F.R.D. 432, 433 (E.D.N.Y. 2011)).

### III.  DISCUSSION

Tricam argues that it "is entitled to the full invoice amount" of $9,951.00. (Dkt. No. 146 at 2.) Wing does not dispute that it agreed to pay "for [the expert's] deposition

5

time as well as a reasonable amount of preparation time." (Dkt. No. 154 at 9 (quoting Dkt. No. 155-1, Ex. 2 at 1)).) Wing instead argues that it should not have to pay for Mr. Krafchick's travel costs, which include both his expenses and travel time, because it was Tricam, not Wing, who caused Mr. Krafchick to travel from Philadelphia to Minneapolis for the deposition. (*Id.*) Wing does not argue that Mr. Krafchick's expenses—namely his flights, hotel, meals, and ground transportation—were unreasonable, nor does Wing argue that Mr. Krafchick's hourly rate is unreasonable. (*See generally id.*) Wing also argues that Mr. Krafchick overbilled for deposition, since Wing deposed him for a total of less than seven hours, yet Mr. Krafchick billed for nine hours (although Wing has already agreed to and paid for the nine hours). (*Id.* at 13-14.)

A.  **Travel Time and Expenses**

The first issue is whether Wing should be required to pay for Mr. Krafchick's travel from his home in Pennsylvania to the deposition in Minneapolis, Minnesota. Generally, courts require the deposing party to pay for an expert's travel time in connection with a deposition because such time is time spent "responding to discovery." *See Fee*, 2005 WL 1323162, at *3; *Handi-Craft*, 2003 WL 26098543, at *16. Such expenses are compensable under Rule 26(b)(4)(E) so long as they are reasonable. *See Handi-Craft*, 2003 WL 26098543, at *16.

However, courts have denied recovery of travel costs when the party seeking to recover the costs is the party that requested the location necessitating the travel. *See Fee*, 2005 WL 1323162, at *4 ("We find that Rowley's travel time from Minneapolis to Wisconsin Dells, as well as the amount of time that the airplane was delayed, should be

6

excluded, because the Plaintiff requested the inspection, and should be held responsible for those costs."). Further, the Court may consider "any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26" when determining reasonableness. *See Smith*, 2018 WL 5920626, at *6. Here, the questions of (1) which party chose Minneapolis as the deposition location and (2) whether the parties discussed who would bear the costs of Mr. Krafchick's travel to Minneapolis when discussing reimbursement are factors the Court finds likely to be of assistance when balancing the interests implicated by Rule 26.

Tricam suggests that Wing chose Minneapolis as the deposition location. (Dkt. No. 146 at 6 ("Wing should not be able to claim that its chosen location for Mr. Krafchick's deposition is now unreasonable.").) But from a review of the correspondence between the parties, it is clear that Tricam chose Minneapolis as the location of Mr. Krafchick's deposition. After Tricam served Mr. Krafchick's expert report, its counsel's staff began arranging dates and locations for Mr. Krafchick's deposition, as well as the depositions of Tricam's other experts. (Dkt. No. 147-5, Ex. 5 at 1-2.) Wing's counsel specifically inquired about the location of the depositions: "Can you provide locations for your experts as well as dates? Will they all be in Minneapolis?"[2] (*Id.* at 1.) Tricam's counsel's staff responded that Mr. Krafchick "may be out east but it's looking like it will be Minneapolis. I haven't solidified that yet." (*Id.*)

---

[2]  The Court does not interpret the question "Will they all be in Minneapolis?" as a request by Wing that the depositions take place in Minneapolis. In fact, one deposition took place in Florida. (Dkt. No. 147-5, Ex. 5 at 1.)

She then followed up: "Jack [Krafchick] is available in Minneapolis on Tuesday, October 23 through Thursday, October 25." (*Id.*) Minneapolis was where the deposition was later held. (Dkt. No. 147-3, Ex. 3 at 3.) Later, in email correspondence regarding this dispute, Tricam's counsel stated "Mr. Krafchick, not Tricam's counsel, requested that his deposition be held in Minneapolis." (Dkt. No. 147-4, Ex. 4 at 2.) Regardless of whether it was Tricam's expert Mr. Krafchick or Tricam's counsel who requested Minneapolis, this statement confirms that it was not Wing that chose Minneapolis as the location.[3] This factor weighs against requiring Wing to pay for Mr. Krafchick's travel costs.

The Court also considers that none of the correspondence about the payment of Tricam's experts pursuant to Rule 26(b)(4)((E) suggests that either party contemplated or agreed to the payment of travel costs. For example, Tricam's counsel's first email regarding this topic states: "Pursuant to FRCP 26(b)(4)(E), Wing must pay Tricam's experts for **their depositions and preparation time**." (Dkt. No. 147-6, Ex. 6 at 2 (emphasis added).) The fact that Tricam did not identify travel costs in its reimbursement demand after the location of Minneapolis was set (nor did Wing agree to pay for travel

---

[3] Tricam suggests that Wing requested the deposition take place in Minneapolis because the accused ladders in this litigation were held at Tricam's counsel's offices. (Dkt. No. 146 at 6.) Tricam notes that Wing used the ladders during previous depositions and during Mr. Krafchick's deposition. (*Id.*) However, nothing in the parties' correspondence before Mr. Krafchick's deposition indicates that Wing requested the Minneapolis location or refers to the location of the accused ladders. (*See generally* Dkt. No. 147-5, Ex. 5.) Further, when Tricam's counsel's staff initially stated the deposition location "may be out east" (Dkt. No. 147-5, Ex. 5 at 1), Wing did not respond with a request that the deposition be held in Minneapolis or refer to the location of the ladders.

costs) is another factor indicating the costs associated with Mr. Krafchick's travel are not reasonable for purposes of reimbursement under Rule 26(b)(4)(E).

The Court also considers whether Mr. Krafchick should be reimbursed for his five hours of travel to Minneapolis as preparation time, since his declaration states that he "prepared for the October 23, 2018 deposition during my travel to the Minneapolis Airport." (Dkt. No. 148 ¶ 2.) However, Mr. Krafchick's declaration does not give any indication as to <u>how much</u> of the five hours was spent preparing for the deposition, as compared to driving to the Philadelphia airport, getting through airport security, etc. The burden is on Tricam to demonstrate that costs sought are reasonable. *See Smith*, 2018 WL 5920626, at \*6. The Court declines to assume that all five hours of travel time were spent preparing for the deposition, and without any evidence of the actual amount of time Mr. Krafchick spent preparing during those five hours, Tricam has failed to meet its burden. Because the Court cannot determine how much of the five hours was actually spent on preparation, it will not require Wing to pay for any of that travel time as preparation time.

Accordingly, under the circumstances of this case, the Court finds that Mr. Krafchick's travel costs are not reasonable costs for purposes of reimbursement under Rule 26(b)(4)(E). The Court therefore denies Tricam's Motion to the extent it requests recovery of Mr. Krafchick's costs in the form of travel time and expenses in the amount of $4,506.25.

## B. Deposition Time

Wing argues that it should only be required to pay for seven hours of deposition time—the length of time that Wing actually deposed Mr. Krafchick when breaks and redirect testimony is excluded. (Dkt. No. 154 at 13-14.) However, Wing has already paid Mr. Krafchick $5,443.75 which includes the nine hours of deposition time. (*Id.* at 1.) Wing has not sought a refund for any of those nine hours. Thus, the Court need not address Wing's arguments regarding the nine hours.

* * *

In sum, the Court finds that Mr. Krafchick's reasonable deposition and preparation fees total $5,443.75. The Court therefore denies the Motion to the extent it seeks an additional $4,506.25 for Mr. Krafchick's travel costs and denies the Motion as moot to the extent it seeks reimbursement of the $5,443.75 for Mr. Krafchick's deposition and preparation time.

## IV. ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Tricam's Motion for Expert Fees (Dkt. No. 144) is **DENIED** insofar as Tricam seeks $4,506.25 for Mr. Krafchick's travel time and expenses; and

2. Tricam's Motion for Expert Fees (Dkt. No. 144) is **DENIED AS MOOT** insofar as Tricam seeks $5,443.85 for Mr. Krafchick's preparation and deposition time, which Wing has already paid.

DATED: February 11, 2019   *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge